UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GOLD PEARL RECORDS, LLC,

    Plaintiff,

v.

CITY SKETCHES, INC.,
ROBERT GARFIELD BALDWIN,
and FUNKY ONION PUBLISHING,

    Defendants.
_____/

Civil Case No. 23-10151
Honorable Linda V. Parker

## OPINION AND ORDER STRIKING ANSWER

On January 19, 2023, Plaintiff filed this lawsuit against Defendants. (Compl., ECF No. 1.) Defendants are Georgia corporation City Sketches, Inc., Georgia resident Robert Garfield Baldwin, and Baldwin's sole proprietorship Funky Onion Publishing. (*Id.* at 1, Pg ID 1.) On March 8, Baldwin filed an Answer and an apparent Counter-Complaint. (ECF No. 7.) Although Baldwin's pleading contains a signature line with his name, the pleading is unsigned. (*Id*. at Pg ID 165.)

As an initial matter, Rule 11 of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The rule requires the court to

"strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id*. The Court declines to afford Defendants the opportunity to correct the defect because the Answer contains another fundamental defect.

That is, it is not effective to the extent filed on behalf of City Sketches, Inc. This is because City Sketches can proceed in federal court only through an attorney. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 201-02 (1993) (citations omitted); *see also Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). "Thus . . . lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland*, 506 U.S. at 202. Therefore, Baldwin, who does not appear to be an attorney, cannot respond to the Complaint *pro se* on behalf of City Sketches.

The same is not true for Funky Onion Publishing *if* it is in fact a sole proprietorship, as Plaintiff alleges in its Complaint. A sole proprietorship "has no legal identify separate from the proprietor himself." *United States v. Hagerman*,

545 F.3d 579, 581 (7th Cir. 2008). Therefore, courts have held that "[a] sole proprietorship may litigate pro se[.]" *Id*. (collecting cases); *see also Shulman v. Facebook.com*, 788 F. App'x 882, 885 (3d Cir. 2019) (citing *Hagerman*); *NLRB v. Consolidated Food Servs., Inc.*, 81 F. App'x 13, 16 n.1 (6th Cir. 2003) (acknowledging cases holding that a sole proprietorship may be represented in a pro se capacity).

For these reasons, the Court directs the Clerk of the Court to **STRIKE** the Answer (ECF No. 7). **Within twenty-one (21) days** of this Opinion and Order, Baldwin and Funky Onion Publishing may file a new answer and/or counter-complaint, provided the filing bears a signature as required by Rule 11 and does not assert defenses and/or claims on behalf of City Sketches. To appear in this proceeding, City Sketches must obtain counsel.

The Court advises Baldwin that the District's website contains information useful to pro se parties:

http://www.mied.uscourts.gov/index.cfm?pageFunction=proSe#courthelp. Among the resources available is the University of Detroit Mercy Law School Federal Pro

3

Se Legal Assistance Clinic and the District's Pro Se Case Administrator.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 14, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 14, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager