UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GOLD PEARL RECORDS LLC,

        Plaintiff,                        Case Number: 23-cv-10151
                                                   Hon. Linda V. Parker

v.

CITY SKETCHES, INC., *et al*.,

        Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE (ECF No. 69), STRIKING ECF No. 65 and ECF No. 67, DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (ECF Nos. 59, 60), and DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR TELEPHONIC APPEARANCE (ECF Nos. 61, 66)**

This matter is before the Court on Plaintiff Gold Pearl Records LLC's ("Gold Pearl Records") motion to strike a series of documents filed by Defendant Robert Baldwin, who is currently proceeding *pro se*. (ECF No. 69.)

I.    BACKGROUND

Nine documents filed by Baldwin are currently at issue including: (1) a letter (ECF No. 59); (2) a notice of jurisdictional shift (ECF No. 60); (3) three certificates of service and photos of mailing labels (ECF Nos. 62–64); (4) a motion

to dismiss (ECF No. 65); (5) two requests to appear telephonically (ECF Nos. 61, 66); and (6) a copy of the complaint signed by Baldwin with postage stamps on each page. (ECF No. 67.)

For the reasons set forth below, the Court **GRANTS IN PART** Plaintiff's motion to strike (ECF No. 69) and **STRIKES** ECF No. 65 for failure to comply with Local Rule 7.1(a) and ECF No. 67 under Federal Rule of Civil Procedure 12(f) as redundant. The motion is **DENIED IN PART** as to ECF Nos. 59, 60, 62-64, 61, and 66.

Further, the Court liberally construes ECF Nos. 59 and 60 as a motion to dismiss for lack of subject matter jurisdiction and ECF Nos. 61 and 66 as a motion for telephonic appearance. **IT IS ORDERED** that Baldwin's motion to dismiss for lack of subject matter jurisdiction (ECF Nos. 59, 60) is **DENIED** and the motion for telephonic appearance is **DENIED WITHOUT PREJUDICE**. (ECF Nos. 61, 66.)

II.   **MOTION TO STRIKE (ECF No. 69)**

First, the Court may strike documents for failure to comply with Local Rule 7.1(a) which requires that parties seek concurrence before filing a motion. Baldwin did not seek concurrence before filing ECF No. 65. Consequently, the Court **ORDERS** that ECF No. 65 be **STRICKEN** from the docket for failure to comply with the Local Rules.

2

Next, under Federal Rule of Civil Procedure 12(f), the Court may strike "any redundant, immaterial, impertinent, or scandalous matter."  However, under Rule 12(f), a court may strike only material that is contained in the pleadings. Rule 7(a) defines pleadings as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served." Motions and briefs in support of motions are not pleadings and, thus, not subject to a motion to strike under Rule 12(f). *See Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006).

As a copy of the complaint, ECF No. 67 is a redundant pleading. Consequently, Gold Pearl Records' motion is **GRANTED** as to ECF No. 67. It is **ORDERED** that ECF No. 67 shall be **STRICKEN** from the docket. However, the remaining documents Gold Pearl Records seeks to strike are not pleadings. Consequently, the motion is **DENIED** as to the remaining documents to the extent the motion is based on Rule 12(f). (ECF Nos. 59, 60, 62-64, 61, and 66.)

### III.  BALDWIN'S MOTIONS

As the Court liberally construes pro se filings, the Court reads Baldwin's filings as a motion to dismiss for lack of jurisdiction and a motion for telephonic appearance. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As previously established,

3

the Court may strike documents for failure to comply with Local Rule 7.1(a) which requires that parties seek concurrence before filing a motion. Baldwin did not seek concurrence before filing these motions. This alone is grounds for striking both motions. Nevertheless, the Court briefly discusses the merits.

First, the Court addresses the motion to dismiss for lack of jurisdiction, which is raised in ECF Nos. 59 and 60. ECF No. 59 is a letter which asserts that this Court lacks jurisdiction under international law and the Universal Postal Union. ECF No. 60 is styled as a notice and raises identical jurisdictional arguments. Baldwin cites no binding authority in support of his jurisdictional argument. Furthermore, these documents are irrelevant to the case at hand which has no connection to international law or the postal system.

This case involves claims under federal copyright, trademark, and trade secret laws, 17 U.S.C. § 501, 15 U.S.C. §1125(a), and 18 U.S.C. §1836. In short, the parties dispute the ownership of certain master recordings, trademarks, and copyrights related to a series of songs. As this case involves claims under federal statutes, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), which Baldwin admitted in his answer to the amended complaint. (ECF 32, PageID.621.) Consequently, this Court has subject matter jurisdiction over this case and, to the extent Baldwin's filings are motions to dismiss for lack of subject matter jurisdiction (ECF Nos. 59, 60), they are **DENIED**.

Next, the Court addresses Baldwin's motion to for telephonic appearance, raised in ECF Nos. 61 and 66. These filings are duplicative requests to appear telephonically, with also reference to the international jurisdiction argument previously discussed. The Court has allowed Baldwin to appear telephonically for all conferences in this case thus far. However, there are no conferences currently scheduled and the Court declines to grant Baldwin a blanket waiver of personal appearance. Instead, the Court will address the issue of Baldwin's personal appearance when future hearings or conferences are scheduled. At this time, a request for telephonic appearance is premature. Consequently, the Court **DENIES** Baldwin's motion for telephonic appearance **WITHOUT PREJUDICE**. (ECF Nos. 61, 66.)

### III.    CONCLUSION

Consequently, for the foregoing reasons **IT IS ORDERED** that Plaintiff's motion to strike (ECF No. 69) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that ECF No. 65 and ECF No. 67 **SHALL BE STRICKEN** from the docket.

**IT IS FURTHER ORDERED** that Baldwin's motion to dismiss for lack of subject matter jurisdiction is **DENIED**. (ECF Nos. 59, 60.)

**IT IS FURTHER ORDERED** that Baldwin's motion to appear

telephonically is **DENIED WITHOUT PREJUDICE**. (ECF Nos. 61, 66.)

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: June 4, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 4, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager